[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action seeking the dissolution of a ten-year marriage on the ground of irretrievable breakdown. The complaint was filed by the plaintiff wife on January 11, 2001. An appearance was entered on behalf of the defendant by Attorney James Katz on February 13, 2001. The defendant filed a pro se appearance in lieu of Attorney Katz on June 10, 2001. The defendant represented himself at trial.
A trial was held on November 30, 2001.[1] In addition to testimony from the plaintiff and the defendant, numerous exhibits were introduced into evidence. After considering and weighing the testimony and assessing the credibility of the witnesses, and having carefully reviewed the documentary evidence, the court finds the following facts to have been proven.
The parties were intermarried on September 20, 1991, in Willington, Connecticut. The wife has lived in the State of Connecticut for at least twelve-months immediately proceeding the filing of this action. There are two minor children born of this marriage: Sarah Bombard was born on April 15, 1992 and Nathan Bombard was born on July 4, 1993. Neither party nor the children have received financial support from the State of Connecticut. The court finds that it has jurisdiction over the parties and the marriage and that all statutory stays have expired.
The plaintiff wife is forty-six years old. She is a high school graduate and a certified radiologist technician. She has been employed in that capacity since approximately 1980. From 1992 until January 2001 she worked part time and on a per diem basis in order to care for the children at home. She has been employed full time as a radiology technician at the Children's Hospital in Hartford since January 2001. Her annual gross salary is approximately $43,500.
The plaintiff is in general good health although she suffers from arthritis as well as hearing and vision deficiencies. She is legally blind in one eye and has 20/60 vision in the other eye.
The defendant is forty-six years old and a high school graduate. He is a trained, skilled mechanic. Most recently he was employed for seventeen years as gas regulator technician with the Connecticut Natural Gas Company. The defendant has not earned less than $50,000 per year for the past ten years. In February 2001 he was earning $1,100 per week which is $57,200 per year. The court finds that the defendant has an annual earning capacity of at least $55,000.
The defendant appears to be in good physical health although he has suffered from significant alcohol and drug abuse problems over the past few years. His substance abuse has led to several arrests, at least one CT Page 16253 conviction, instances of domestic violence, and the loss of his employment with the Connecticut Natural Gas Co. He is currently on probation. A condition of his probation is that he is to have no contact with the plaintiff-wife. The court finds from the evidence that the defendant's substance abuse and resulting behavior are major contributing factors to the demise of this marriage.
At the time of trial the defendant had recently completed an inpatient substance abuse program and was receiving unemployment compensation of approximately $300 per week. He testified that he has not been able to return to work on a full time basis because his wife will not permit him to retrieve his construction equipment from the marital residence. The court does not find this excuse for the defendant's unemployment to be credible.
On February 13, 2001, pendente lite orders were entered pursuant to a written agreement of the parties. The defendant was ordered by the court (Scholl, J.) to pay pendente lite child support to the plaintiff for their two minor children in the amount of $200.00 per week, pendente lite alimony to the plaintiff in the amount of $150.00 per week, and to pay the monthly mortgage on the marital home.
On June 12, 2001, the defendant was found in contempt of court for failing to obey the above orders regarding pendente lite child support, alimony, and the mortgage payment. He was found to be in arrears and ordered to pay $2500 to the plaintiff within 60 days and an additional $500 in attorney fees to plaintiff's counsel within 180 days. The defendant admits that he had not made any payment of the court ordered $3000 as of the date of trial.
The court also finds, and the defendant admits, that he only paid court ordered pendente lite child support and alimony for one week during the eleven weeks immediately preceding the date of trial. The court finds that the defendant is additionally in arrears with respect to pendente lite court ordered child support and alimony in the amount of $3500. The defendant's total pendente lite arrearage and court ordered attorney fees as of the date of trial is $6,500.
The parties are joint owners of the marital home located at 38 Willington Hill Road, Willington, Connecticut. The property was purchased by the defendant and Cheryl Mattarelli in 1989. It was quit claimed to the defendant on September 9, 1992. The defendant thereafter Quit Claimed the property to himself and the plaintiff on September 18, 1992.
This is a six room-raised ranch with one and one-half baths located on a three-acre lot. A September 2001 comparative market evaluation of this CT Page 16254 property done by a local real estate agency values this property at $140,000. No other evidence concerning the value of the property was provided to the court. The court finds the fair market value of the marital home to be $140,000.
In addition to very modest bank accounts and the household furniture and furnishings, the assets of the parties include a 1996 Ford Taurus, a 1990 Isuzu Trooper, a 1968 Bantam Excavator, a Mack Tractor, a 1951 Dump Truck and a 1972 Mack Dump Truck. The defendant also has miscellaneous tools and other equipment located on the property of the marital residence.
The plaintiff has a deferred income fund which is currently valued at approximately $69,000. The defendant has a 401(k) account which was valued at $60,000 in February 2001, which was the last time the defendant submitted a financial affidavit.[2] The only significant debts listed by the plaintiff, in addition to the mortgage debt of approximately $115,000 on the marital residence, are a Capitol One credit card debt in the amount of approximately $3000, a $1,000 personal loan, and a loan balance on the 1996 Ford Taurus of $6,000. In addition to the mortgage loan on the marital residence, the defendant has a $12,000 debt to the CNG Credit Union, and the $3000 Capitol One credit card debt.
After taking into consideration all of the criteria and factors set forth in § 46b-62, § 46b-81, and § 46b-82, and applying the same to the evidence, the court enters the following orders.
A decree is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown, all the allegations of the complaint having been proven.
1. The parties shall have joint legal custody of the minor children. The primary residence of the children will be with the plaintiff mother. The defendant father shall have reasonable rights of visitation with the children, consistent with the conditions of his probation as well as any other orders which may be entered by the court.
In addition to any other visitation schedules agreed upon between the parties, the defendant's visitation schedule with the minor children shall include: (A) every second and forth weekend of each month from 10:00 a.m. Saturday until 6:00 p.m. Sunday, and (B) liberal telephone access to the children between the hours of 5:00 p.m. and 7:00 p.m. daily. The defendant shall pick up and drop off the children at the driveway of their residence without exiting his vehicle.
2. The defendant shall obtain and maintain health insurance for the CT Page 16255 benefit of the minor children through his employer for so long as he is obligated to pay child support. If the defendant is unable to obtain said health insurance through his employer, the plaintiff shall be obligated to obtain and maintain said health insurance for the children through her employer. Unreimbursed medical, dental, and other health related expenses for the minor children shall be shared equally by the parties. The provisions of Connecticut General Statutes § 46b-84 shall apply.
3. The defendant shall pay child support to the plaintiff in the amount of $200 per week, which is in conformity to the child support guidelines based upon the defendant's earning potential. The child support shall be paid by check or money order mailed directly to the plaintiff on Friday of each week. The defendant shall continue to pay child support for each child until said child either graduates from high school or reaches the age of nineteen years, whichever occurs sooner.
4. The parties shall split the state and federal income tax exemptions for the minor children each year. If and when only one child can be claimed as an exemption the parties shall alternate claiming the exemption with the plaintiff claiming the child in even numbered years and the defendant claiming him in odd numbered years.
5. The court notes that the employment skills of both parties are highly marketable: the plaintiff is a trained and experienced radiology technician currently earning more than $43,000 per year, and the defendant is a trained and experienced mechanic with an earning potential of more than $50,000 per year. While neither party needs support from the other at this time, the court is concerned about the plaintiff's future health problems. Therefore, the court awards alimony to the plaintiff in the amount of $1.00 per year for a period of five years. This alimony award is not modifiable as to term, except that alimony shall terminate upon the death of either party or the marriage of the plaintiff. The amount of the alimony may be modified only in the event the plaintiff is unable to maintain gainful employment due to a significant deterioration of her current vision and arthritic health problems.
6. As part of the overall equitable distribution of the marital property relating to this dissolution, the defendant shall Quit Claim to the plaintiff his interest in the marital residence at 38 Willington Hill Road, Willington, Connecticut within 30 days of the date of judgement of dissolution. At the same time, the plaintiff shall give to the defendant an interest free Promissory Note and Mortgage on the property in the principal amount of $15,000. The plaintiff shall thereafter be solely responsible for all obligations relating to the property, including but not limited to the mortgage and taxes, and she shall hold the defendant harmless for the same. Said promissory note shall become due and payable CT Page 16256 upon any of the following events, whichever shall first occur:
A. A sale or transfer of the property.
B. The marriage of the plaintiff.
C. The death of either party.
D. The failure of the plaintiff to use the marital home as her principal residence.
E. Ten (10) years from the date of judgement of dissolution.
7. The plaintiff shall retain, free of all claims of the defendant, all of the furniture and furnishings currently located at the marital residence as reflected in "Schedule A" of plaintiffs' proposed orders, attached hereto.
8. The defendant shall retain, free from all claims of the plaintiff the construction equipment currently located at the 38 Willington Hill Road marital home property. This includes the dump truck, Mac trucks, an excavator, an arc welder, as well as his assorted tools. The defendant is to remove all such equipment and tools from the property within 60 days of the date of this judgement.
9. The defendant shall transfer one half of the current value of his vested Connecticut Natural Gas Company pension to the plaintiff by way of a Qualified Domestic Relations Order or other acceptable instrument requested by CNG. The wife's interest shall not terminate as a result of the defendant's death and shall be protected accordingly as a survivor in the QDRO.
10. The defendant shall transfer $6,500 from his 401(k) fund to the plaintiff within 30 days by means of a QDRO, in satisfaction of his $3500 child support and alimony arrearage from September to November 2001, and in satisfaction of the purge amount of $3000 which the court ordered him to pay to the plaintiff and her attorney on June 12, 2001. Thereafter, the defendant shall retain sole interest in the balance of his 401(k) fund free from any additional claims by the plaintiff.
11. The plaintiff shall retain sole interest in her deferred compensation fund, free from any claim by the defendant.
12. The plaintiff shall retain sole interest in the 1998 Ford Taurus motor vehicle. She shall be solely responsible for the automobile loan for the Ford Taurus and shall hold the defendant harmless on the same. CT Page 16257
13. The defendant shall retain sole interest in the Isuzu Trooper motor vehicle and shall hold the plaintiff harmless thereon.
14.The plaintiff shall be solely responsible for the debts to Capitol One, J.C. Penney and Helen Stratos as listed on her financial affidavit dated November 30, 2001, and shall hold the defendant harmless on the same.
15. The defendant shall be solely responsible for the debt owed to the CNG Credit Union as listed on his financial affidavit dated February 13, 2001 and shall hold the plaintiff harmless on same. The defendant shall also be solely responsible for any and all other debts that he may have acquired since the date of his February 13, 2001, financial statement, and he shall hold the plaintiff harmless on the same.
16. Both parties shall be solely responsible for their own attorney's fees.
17. The plaintiff may resume the use of her birth name, Jennie Kominos.
18. The court shall retain jurisdiction over this case until its orders regarding the transfer of the marital residence and the execution of the QDROs have been satisfied.
Terence A. Sullivan, J. Superior Court Judge